UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| 1. DIANA HUNTER,<br><br>          *Plaintiff*,<br><br>v.<br><br>1. AMERICAN RED CROSS, a/k/a<br>    AMERICAN RED CROSS<br>    SOUTHWEST BLOOD SERVICES<br>    REGION,<br><br>          *Defendant*. | Case No.: 17-CV-561-JHP-JFJ |

## NOTICE OF REMOVAL

Defendant, The American Red Cross, Southwest Blood Services Region ("the Red Cross"), hereby gives notice of the removal to this Court of the case styled *Diana Hunter v. American Red Cross, Southwest Blood Services Region*, Case No. CJ-2017-03774, from the District Court of Tulsa County, Oklahoma, pursuant to 28 U.S.C. § 1441, *et seq.*, based upon the following grounds:

1. The Red Cross is a unit of the American National Red Cross, which is a not-for-profit corporation operating under a congressional charter, codified at 36 U.S.C. § 300101, *et seq*.

2. On or about September 22, 2017, plaintiff Diana Hunter filed a petition against the Red Cross in the District Court of Tulsa County, Oklahoma, Case No. CJ-2017-03774 ("the complaint").

3. This Notice of Removal is filed within 30 days of the date on which the petition was filed, and, therefore, removal of this action is timely under 28 U.S.C. § 1446(b).

4. This action is properly removed to this Court under 28 U.S.C. § 1441 because this district/division embraces the place where the petition is pending.

5. The Red Cross is the only defendant in this action, so the requirement that all defendants consent to removal in certain circumstances does not apply. *See* 28 U.S.C. § 1446(b).

6. Removal of this action is appropriate under 28 U.S.C. § 1441(a) because this Court has original jurisdiction under 36 U.S.C. § 300105(a)(5) of any case to which the Red Cross is a party. *Am. Nat'l Red Cross v. S.G.*, 505 U.S. 247, 248, 257 (1992) (interpreting 36 U.S.C. § 2, which has been recodified at 36 U.S.C. § 300105, and finding that "the Red Cross is . . . authorized to remove from state to federal court any state-law action it is defending"); *see also Coleman v. Am. Red Cross*, 979 F.2d 1135, 1136 n.3 (6th Cir. 1992) ("[T]his act does provide original federal jurisdiction for all cases in which the Red Cross is a party.") (citation omitted); *Doe v. Am. Red Cross*, 14 F.3d 196, 201 (3d Cir. 1993) ("[T]he [Supreme Court gave] a *specific* and unequivocal direction that the Red Cross is 'thereby authorized to remov[e] from state to federal court of any state-law action it is defending.'") (citation omitted) (emphasis in original); *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 483 n.1 (4th Cir. 1992) (citation omitted); *Schaefer v. Gulf Coast Reg'l Blood Ctr.*, 10 F.3d 327, 329 (5th Cir. 1994) (citation omitted); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Raines*, 534 F.3d 779, 784 (D.C. Cir. 2008); *Soehnlen v. Aultman Hosp.*, No. 5:06 CV 1594, 2007 U.S. Dist. LEXIS 33064, at *8 (N.D. Ohio May 4, 2007) ("The Supreme Court found 36 U.S.C. § 2 (now 36 U.S.C. § 300105(5)) created original federal subject matter jurisdiction where the American National Red Cross or its member chapters were a party.") (citation omitted); *Jerkovich v. Fresno-Madera Chapter of Am. Red Cross*, No. CV-F-04-5811 REC DLB, 2005 U.S. Dist. LEXIS 44827, at *17-18 (E.D. Cal. Aug. 23, 2005) ("Section 300105(a)(5) grants original jurisdiction in any case in which the American Red Cross or its units are parties.") (citation omitted).

7. Removal of this action is also appropriate under 28 U.S.C. § 1441(a) because the Court has original jurisdiction over this matter under 28 U.S.C. § 1331 since the claims asserted in the petition arise under the laws of the United States. Specifically, the petition asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000-2, *et seq.*, and 42 U.S.C. § 1981.

8. Copies of all process, pleadings, and orders served upon the Red Cross are attached as Exhibit 1, as required under 28 U.S.C. § 1446(a).

9. A copy of the docket sheet is attached hereto as Exhibit 2, as required under Rule 81.2 of the Local Civil Rules of the U.S. District Court for the Northern District of Oklahoma.

10. Pursuant to 28 U.S.C. § 1446(d), counsel for the Red Cross will promptly file a copy of this notice of removal with the District Court of Tulsa County, and serve it on counsel for the plaintiff.

Dated this 6th day of October, 2017.        Respectfully submitted,

 s/Cary D. Dooley
Cary D. Dooley, OBA #12648
Cathcart & Dooley
2807 Classen Blvd.
Oklahoma City, Oklahoma 73106
(405)-524-1110; fax: (405) 524-4143
cdooley@cathcartdooley.com

Michael A. Graziano
Jeffrey W. Larroca
ECKERT SEAMANS CHERIN & MELLOTT, LLC
1717 Pennsylvania Ave., N.W., 1200
Washington, DC  20006
(202) 659-6671
(202) 659-6699 [Fax]
mgraziano@eckertseamans.com
jlarroca@eckertseamans.com

*counsel for defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2017, the above document was electronically filed with the Clerk of the Court via the CM/ECF system which caused a copy to be served electronically on all registered counsel of record, including:

>Daniel E. Smolen, Esq.
>Smolen, Smolen, & Roytman, PLLC
>701 S. Cincinnati Avenue,
>Tulsa, OK  74119
>*Counsel for Plaintiff*

I hereby certify that on October ___, 2017, a true copy of the above document was also served upon the above-referenced counsel at the address listed above via U.S. mail, postage pre-paid.

>s/Cary D. Dooley
>Cary D. Dooley