# IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| (1) DIANA HUNTER, | ) |
| Plaintiff, | ) |
| | ) CJ-2017-03774 |
| v. | ) |
| | ) ATTORNEY LIEN CLAIMED |
| (1) AMERICAN RED CROSS, a/k/a | ) |
| AMERICAN RED CROSS | ) |
| SOUTHWEST BLOOD SERVICES | ) |
| REGION, | ) |
| | ) MARY F. FITZGERALD |
| Defendant. | ) |

## ORIGINAL SUMMONS

**SERVE BY U.S. CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

American Red Cross
a/k/a American Red Cross Southwest Blood Services Region
c/o David Meltzer
431 18th Street NW
Washington D.C. 20006-5304

To the above-named Defendant(s)

You have been sued by the above named plaintiff(s), and you are directed to file a written answer to the attached petition and order in the court at the above address within twenty (20) days after service of this summons upon you exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff. Unless you answer the petition within the time stated judgment will be rendered against you with costs of the action.

Issued this __22__ day of __9__, 2017

DON NEWBERRY, Court Clerk
County Court Clerk

By _____
Deputy Court Clerk

(Seal)

This summons and order was served on

_____
(Signature of person serving summons)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE

TIME LIMIT STATED IN THIS SUMMONS.

**Return ORIGINAL for filing.**

### PERSONAL SERVICE

I certify that I received the foregoing Summons the _____ day of _____, 2017, and that I delivered a copy of said Summons with a copy of the Petition to the following named defendant personally in _____ County, _____ at the address and on the date set forth opposite each name, to-wit:

| Name of Defendant | Address | Date of Service |
|---|---|---|
| | | |

### USUAL PLACE OF RESIDENCE

I certify that I received the foregoing Summons on the _____ day of _____, 2017, and that on _____, I served _____ by leaving a copy of said summons with a copy of the attached Petition at _____, which is his/her dwelling house or usual place of abode, with _____, a person then residing therein, who is fifteen (15) years of age or older.

### NOT FOUND

Received this Summons this _____ day of _____, 2017. I certify that the following persons of the defendant within named not found in said County:

### FEES

Fee for service $_____, Mileage $_____,
Total $_____
Dated this _____ day of _____, 2017.
By:
Sheriff of _____ County,

Seal                                                  Notary Public

### CERTIFICATE OF SERVICE BY MAIL

I certify that I mailed copies of the foregoing summons with a copy of the Petition to the following named defendant at the address shown by certified mail, addressee only, return receipt requested, on the _____ day of _____, 2017, and receipt thereof on the dates shown:

| Defendant | Address Where Served | Date Receipted |
|---|---|---|
| | | |

_____
Signature of person mailing summons

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

(1) DIANA HUNTER, )
 )
    Plaintiff, )
 )
v. ) CJ-2017-03774
 )
(1) AMERICAN RED CROSS, a/k/a ) ATTORNEY LIEN CLAIMED
    AMERICAN RED CROSS ) MARY F. FITZGERALD
    SOUTHWEST BLOOD SERVICES ) DISTRICT COURT
    REGION, ) FILED
 )
    Defendant. ) SEP 22 2017

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

**PETITION**

COMES NOW the Plaintiff, Diana Hunter, through her attorneys of record, Daniel Smolen and Lauren G. Lambright of SMOLEN, SMOLEN AND ROYTMAN, PLLC, and brings this action against the Defendant, American Red Cross/Southwest Blood Services Region, for violations of her constitutionally protected rights arising out of her employment and termination by the Defendant.

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff is a resident of Tulsa County, Oklahoma.

2. Defendant, American Red Cross, a/k/a American Red Cross Southwest Blood Services Region, is a federally chartered instrumentality of the United States and is a body corporate and politic in the District of Columbia established pursuant to 36 U.S.C. §§ 300101, *et seq*. It regularly conducting business in Tulsa County, Oklahoma, and regularly employs more than fifty (50) people.

3. The incidents and occurrences that form the basis of the Plaintiff's action occurred in Dallas, Texas.

4. This Court has jurisdiction and venue is proper as Plaintiff is currently a resident of Tulsa County, Oklahoma and the Defendant has offices and their Southwest Blood Services Region is headquartered in Oklahoma.

5. This is an action for damages and to secure the protection of, and to redress deprivation of, rights secured by Title VII of the Civil Rights Act of 1964, as amended by 42 U.S.C. § 2000-2, hereinafter "(Title VII)" and 42 U.S.C. § 1981.

6. Plaintiff submitted an EEOC Intake Questionnaire on or around July 6, 2016 seeking to file a charge of discrimination, and made claims based on racial discrimination. A formal charge of discrimination was submitted on or around November 18, 2016.

7. The Plaintiff received a Right to Sue letter from the EEOC and this Complaint has been filed within ninety (90) days of the receipt of the Notice. As such, all conditions precedent to filing of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

8. Plaintiff incorporates as if realleged paragraphs 1-7.

9. Diane Hunter began her employment with the American Red Cross Southwest Blood Services Region as a Hospital Service Tech I in September of 2007.

10. After serving eight (8) years in Tulsa, Plaintiff transferred to the Dallas facility in October of 2015.

11. In April of 2016, a Tech II position came open and Plaintiff attempted to apply for this position by submitting her application. At the time, Plaintiff had no write-ups or disciplinary warnings.

12. However, when Plaintiff went back into the computer system to check on her application she received an error message.

13. Plaintiff complained to Michael Hullinger, her supervisor, and told him she had been unable to apply for the Tech II position but before the situation was corrected, the job posting had been removed. Mr. Hullinger said he was unable to tell Plaintiff why the system was not allowing her apply.

14. Defendants did nothing to resolve the situation, and shortly thereafter a Caucasian co-worker, Amanda, began telling people she had been promoted to Tech II. However, management maintained they had not filled the position yet.

15. Plaintiff contacted management back in Tulsa to inform them of the problem. At that time, Christina Taylor, the manager of the Dallas and Houston facilities came to the Dallas facility. Still, Christina Taylor did not talk to Plaintiff directly about the situation, but instead met with other employees at the facility to find out who was telling everyone that Amanda had been promoted.

16. After Plaintiff complained about being unable to apply for the Tech II position, Michael Hullinger and Christina Taylor began singling out Plaintiff for write-ups and disciplinary action. Other co-workers at the Dallas facility were tardy, but Plaintiff was the only tech at the facility written up.

17. Defendant subjected Plaintiff to disparate treatment based on her race and Defendant wrongfully terminated her employment or around June 20, 2016.

18. After Plaintiff was wrongfully discharged, Amanda was confirmed as receiving the promotion to Tech II.

## FIRST CLAIM FOR RELIEF
## DISCRIMINATION BASED ON RACE (TITLE VII)

19. Plaintiff incorporates the preceding paragraphs as if realleged.

20. By terminating Plaintiff, failing to promote her to the Tech II position, and treating her differently than similar situated Caucasian employees, Defendant has violated Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the management and executives;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF
## 42 U.S.C. § 1981

19. Plaintiff incorporates the preceding paragraphs as if realleged.

20. By terminating Plaintiff, failing to promote her to the Tech II position, and treating her differently than similarly situated Caucasian employees, Defendant has violated 42 U.S.C. § 1981.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

a. Back pay and lost benefits; front pay until normal retirement;
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the management and executives;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant her the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000), with interest accruing from date of filing of suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000), back pay and lost benefits, compensatory damages for mental anguish, pain and suffering and other non-pecuniary loss, reasonable attorneys fees, injunctive relief, equitable relief, reinstatement, and all other relief deemed appropriate by this Court.

Respectfully submitted,

Daniel E. Smolen, OBA# 19943
SMOLEN, SMOLEN, & ROYTMAN, PLLC
701 S. Cincinnati Ave.,
Tulsa, OK 74119
P: (918) 585-2667
F: (918) 585-2669
*Attorney for Plaintiff*